NISI PRIUS REPORTS—NEW SERIES. 63

1903.]                 Nicola Bros. Co. v. Queen City Box Co.

---

## USAGE AS APPLIED TO A WRITTEN CONTRACT.

[Superior Court of Cincinnati, sitting in General Term.]

THE NICOLA BROS. COMPANY v. THE QUEEN CITY BOX COMPANY.

Decided, February 16, 1903.

Proof of a usage or custom, which would contradict the terms of a written contract upon which suit is based, is inadmissible.

SMITH, J.; FERRIS, J., and SPIEGEL, J., concur.

The plaintiff in error brought an action in the court below to recover for lumber furnished under the following contract:

"Cincinnati, O., December 20, 1898.

"The Nicola Bros. Co., Pittsburgh, Pa.

"Gentlemen: Enter our order for 750,000 feet of 4-4 common and cull cottonwood lumber at twelve dollars and fifty cents ($12.50) per thousand delivered at our factory, in addition to the order for 250,000 feet, which we placed with you November 4, 1898. Terms cash less 2 per cent. in ten days from date of invoice. The lumber is to be dry, well manufactured and of good average width. We reserve the privilege of increasing this order to 1,000,000 feet, and notice of the additional quantity to be given by August 1, 1899. The lumber on this contract is to be delivered during the year 1899, as needed by us in the manufacture of our boxes. Yours truly, The Queen City Box Co., W. D. Sexton."

"We accept the above order. The Nicola Bros. Co., by J. W. Darling."

The defendant admitted that the amount sued for was due, but in an answer and cross-petition alleged a breach of the contract in part upon the part of the plaintiff in failing to deliver lumber

as provided in the contract, and asked a judgment in damages on account of such breach.

The plaintiff replied denying such breach; and sought to prove that the greater part of the lumber called for in the contract came from the south, and that it was a custom recognized in the lumber trade in case of a freshet in the rivers in the territory from which the lumber came, that the delivery of lumber under a contract should be delayed until the waters had subsided. The court refused to permit such a custom to be proved, and this ruling of the court is the main point relied upon to reverse the judgment.

We are of the opinion that the ruling was correct. The terms of this contract are clear and admit of no doubt. To admit proof of a custom which would change the terms of the contract would be to admit oral evidence which would contradict the contract. While usage or custom may be proved to add to or explain the terms of a written instrument, it is never admissible to vary or contradict such terms.

The principle is well stated in *Gibney* v. *Curtis,* 61 Md., 201, in which it was said:

"No evidence of custom or usage was admissible to alter or modify this express provision of the contract. The purpose of the evidence of custom was to incorporate an additional provision or term in the contract, and that too in respect to a matter for which the contract had expressly provided. The terms of which contract are neither ambiguous nor technical, and therefore did not require the aid of any established custom or usage to ascertain their true meaning. Usage may, in certain cases, for the purpose of ascertaining and explaining the meaning and intention of the parties to a contract, whether written or verbal, be proved; but it is never admissible where it is inconsistent with the terms of the contract, or the apparent intention of the parties. As has been well said, usage may be admissible to explain what is doubtful, but never to contradict what is plain."

To the same effect is *Scott* v. *Hartley,* 126 Ind., 239; *Wilkinson* v. *Williamson,* 76 Ala., 167.

There is no decision among the Ohio decisions which declare a contrary principle.

Judgment affirmed.

*Chas. W. Baker, Victor Heintz,* for plaintiff in error.
*Scott Bonham, John C. Healy,* for defendant in error.